IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN MORELAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:21-cv-605 |
| HOME DEPOT USA, INC. D/B/A | § | |
| THE HOME DEPOT, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I.**

**INTRODUCTION**

This case involves injuries suffered by the Plaintiff at the Defendant's business location in Rockwall, Texas. The Defendant is a primary retailer of home improvement and construction materials. It maintains a large inventory in a warehouse setting where its customers, as invitees, are encouraged to shop for their construction needs. The cause of the Plaintiff's injuries as described more fully below was the ill-advised manner in which items were stored above the area where the Plaintiff and others shopped. As a result of such improper and negligent storage, the Plaintiff ended up with significant and disabling injuries.

**II.**

**PARTIES**

1. Plaintiff is an individual and a citizen of Rockwall County, Texas. Rockwall County, Texas is within the Dallas District of the Northern Division of the United States District Court.

2.     Defendant Home Depot, U.S.A., Inc. d/b/a The Home Depot (Hereinafter referred to as "Home Depot" or "Defendant") is a foreign corporation organized under the laws of the state of Delaware and is duly registered in the State of Texas.  It does business at numerous retail sales locations in Texas, including one in Rockwall County, Texas.  Defendant maintains a registered agent for service in the State of Texas.  Defendant may be served with process, including summons and a copy of this lawsuit, by serving it's registered agent for service of process, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 75701-3216.

### III.

### JURISDICTION

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the citizenship of the Parties is diverse and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### IV.

### VENUE

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Rockwall County, Texas.  Additionally, the Defendant is deemed to have residence within Rockwall County pursuant to 28 U.S.C. §1391(d).

5.     Rockwall County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1).

## V.

## **BACKGROUND FACTS**

6. The Plaintiff and her husband were shopping at the Defendant's store in Rockwall, Texas on March 24, 2019. As the Plaintiff was proceeding down an aisle in the store, some boxes of plastic fencing stored on a shelf above her head fell. The boxes and fencing hit the Plaintiff and stunned her, causing her to be dazed and possibly to have lost momentary consciousness. She suffered injuries to her head, neck, and back. The shelving in question is known as "pallet racking," which is large shelves which rise between 12' and 16' from the floor level.

7. The boxes of fencing in question were on a shelf above the reach of patrons and had been placed there by the Defendant's employees, who were acting within the course and scope of their employment with the Defendant in performing such duties. The boxes and fencing were either dislodged by their own weight causing the boxes to collapse or by activity of the Defendant's employees on the other side of the rack moving items on the shelf. In any event, the placement and movement of the fencing was within the exclusive control of the Defendant. An employee of the Defendant, upon seeing what happened, exclaimed that the products were stacked too high and should have been stacked differently.

8. The Plaintiff, after being hit, made her injury known to the Defendant's employees. She and her husband exited the store. Afterwards, she sought medical treatment and evaluation. As a result of her injuries, the Plaintiff has undergone extensive medical treatment, has suffered extreme pain and disability, and has incurred substantial medical expense.

## VI.

## CAUSE OF ACTION—DEFECTIVE CONDITION OF PREMISES

**A.     The Defendant owed the Plaintiff/invitee a duty to protect her from unreasonable risk of harm.**

9.     Plaintiff incorporates each of the foregoing paragraphs.  The Defendant owed the Plaintiff and other invitees on its premises a duty to protect them from dangerous conditions in the store.  The Defendant knew or reasonably should have known of the existence of the manner in which the boxes of fencing was stored on the pallet racking.  The Defendant knew or should have known that unsafe or improper stacking of the fencing material on the pallet racking would present an unreasonable risk of harm to patrons passing underneath the area where the material was stored.  The Defendant had exclusive control over the manner and mechanisms used to store and maintain the fencing safely upon the racking.  By virtue of the knowledge of the need for safe storage and the control over the manner and means to provide safe storage, the Defendant had the duty to make the area where the Plaintiff was injured safe.  The Defendant breached such duty by improperly stacking and storing the boxes of fencing material where they could fall on patrons of the Defendant's store.   Such negligence created an unreasonably unsafe condition which proximately caused the Plaintiff's injuries.

**B.     The Doctrine of Res Ipsa Loquitur applies**

10.     The injuries suffered by the Plaintiff would not have occurred absent a negligent act.  Had the boxes of fencing been secured property and prudently on the shelf above the Plaintiff's head, they would not have fallen.  The Plaintiff would show that the manner in which the boxes of fencing were stacked on the shelf at the Home Depot store was carried out by store employees and such method would have been in the exclusive control of the Defendant and its

employees. The doctrine of Res Ipsa Loquitur creates a presumption of negligence under such circumstances

## VII.

## CAUSE OF ACTION—NEGLIGENT ACTIVITY

11. The Plaintiff incorporates the above and foregoing paragraphs. The Defendant's employees, acting in the scope of their duties, stacked the boxes of fencing three high. The employees knew or should have known that the boxes would be unstable and prone to leaning or falling, which they ultimately did. The Defendant was negligent in allowing such activity, in failing to train its employees to properly stack the boxes, and in failing to monitor and direct its employees to avoid such method of storing the boxes of fencing in question. These acts and inactions created a dangerous condition in the store. As a direct and proximate result of such actions and/or omissions, the Plaintiff was injured and suffered the damages more fully set forth below.

## VIII.

## DAMAGES

12. The Plaintiff suffered injuries to her head, neck and back. An offer was extended for an ambulance to be called for her, but the Plaintiff, dazed and embarrassed, chose to have her husband take her home. Once home, the pain and immobility became worse. The Plaintiff was taken to the hospital emergency room and treated. Thereafter, she learned that the fall had caused an exacerbation of an existing neck condition and created new injuries. She ultimately has undergone three cervical spinal fusions.

13. The Plaintiff has and continues to have pain, disability, disfigurement, and mental and emotional stress all related to the injuries she suffered from the falling boxes of fencing

materials at the Defendant's store.  She has incurred reasonable medical expenses and has missed time off from work.  In all probability, these damages will continue into the future.

14.     Plaintiff seeks an award of just monetary damages to compensate her for the injuries sustained as described above.  Such damages exceed $75,000.00.

## IX.

## JURY TRIAL REQUEST

15.     Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Wherefore, premises considered, the Plaintiff, Susan Moreland, requests that the Defendant, Home Depot, U.S.A., Inc. d/b/a The Home Depot, be summoned to appear and answer herein, and that upon final trial of this case the Plaintiff have and recover all just and lawful damages to which she is determined to be entitled, together with pre-judgment interest, post-judgment interest, costs of court, and any other relief, at law or in equity, to which she may be justly entitled to recover.

Respectfully submitted,

SMITH AND LEE, LAWYERS, P.C.

By:_____
G. David Smith
Texas Bar #18596300
david@smithandlee.com
Ryan K. Lee
Texas Bar #24070129
ryan@smithandlee.com
702 N. Goliad
Rockwall, Texas 75087
Telephone: (972) 771-2579
Facsimile: (972) 771-0513
Attorneys for Plaintiff
Susan Moreland